**Motion Granted; Appeal Dismissed and Memorandum Opinion filed September 11, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00670-CV

---

## DOUGLAS LAMB, Appellant

## V.

## TEXAS SECRETARY OF STATE, Appellee

---

**On Appeal from the 250th District Court
Travis County, Texas
Trial Court Cause No. D-1-GN-18-000382**

---

## MEMORANDUM OPINION

This is an appeal from a judgment granting appellee's plea to the jurisdiction signed July 5, 2018. On August 22, 2018, appellant filed a motion seeking voluntary dismissal of his appeal and remand to the trial court. Because such a disposition is not permitted by the Texas Rules of Appellate Procedure absent an agreement signed

by the parties or their attorneys, we requested that appellant supplement his motion with the parties' agreement. *See* Tex. R. App. P. 42.1.

On August 31, 2018, appellant filed a "supplemental agreed motion to dismiss the appeal." The motion, which is signed by both parties, states that appellant and appellee agree that appellant's "appeal of his claims for declaratory and injunctive relief should be dismissed and that this case should be remanded to Travis County District Court so that [appellant]'s remaining mandamus claim may be resolved."

In his motion appellant notes that he does not wish to dismiss his "claim for mandamus." Appellant has not filed a petition for writ of mandamus in this court. As this is an appeal that originated in Travis County, this court does not have jurisdiction over an original proceeding arising from this matter. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017).

According to the clerk's record filed in this appeal, appellant filed a petition for "writ of mandamus, permanent injunction, and declaratory judgement" in the trial court. This court does not address the mandamus action in the trial court.

The motion to dismiss the appeal is granted, and the appeal of the judgment signed July 5, 2018, is ordered dismissed.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Busby.

2